**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4429**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

LEMONZE E. FORD,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(CR-03-1094)

———————

Submitted:  July 14, 2005              Decided:  July 21, 2005

———————

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

———————

C. Carlyle Steele, Jr., Greenville, South Carolina, for Appellant.
E. Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville,
South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lemonze E. Ford appeals the district court's judgment entered pursuant to his guilty plea of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Ford's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the district court erred in improperly advising Ford of the nature and consequences of his guilty plea prior to accepting that plea of guilty. Ford has filed a pro se supplemental brief asserting that his sentence violates the Sixth Amendment, and that he received ineffective assistance of counsel. However, because Ford's plea agreement contained a waiver of his right to appeal as to most issues, we dismiss the appeal in part and affirm in part.

A defendant may waive his right to appeal as part of a plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). However, the waiver must be knowing and voluntary. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). This Court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Ford's plea agreement waived all rights to appellate review except the right to appeal in order to assert claims of ineffective assistance of counsel or prosecutorial misconduct. The district court expressly questioned Ford about the waiver of his appellate rights. Ford assured the

court through counsel that he understood the terms of his plea agreement and entered into it freely. Accordingly, we conclude that Ford's waiver was knowing and voluntary. Brown, 232 F.3d at 403. We further hold that in accordance with our decisions in United States v. Johnson, 410 F.3d 137, 152-53 (4th Cir. 2005), and United States v. Blick, 408 F.3d 162, 170-71 (4th Cir. 2005), Ford's waiver of his right to appeal that was accepted prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), is not invalidated by the change in law effected by that decision. Accordingly, we dismiss Ford's appeal as to his sentencing claim.

Ford next argues that his counsel was ineffective for failing to object to the court's determination that Ford was a career offender. This Court will not consider Ford's claim of ineffective assistance of counsel claim on direct appeal "unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 540 U.S. 1134 (2004). Our review of the record discloses no such conclusive evidence that Ford received ineffective assistance of counsel. Accordingly, we affirm as to this claim.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss in part and affirm in part. This court requires that counsel inform his client, in writing, of his

- 3 -

right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decision process.

DISMISSED IN PART;
AFFIRMED IN PART
